**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1088
_____

JIMMY MURPHY

v.

MIFFLIN COUNTY REGIONAL POLICE DEPARTMENT; CPL. ROBERT L.
HAINES, JR.; LT. STEVE KNUDSON; PTLM ETTINGER, Mifflin Regional
Department; CHIEF WILLIAM HERKERT, JR.; UNKNOWN BOOKING AND
INTAKE OFFICERS; UNKNOWN DISTRICT ATTORNEY;
UNKNOWN DISTRICT ATTORNEY'S OFFICE

JAMES E. MURPHY,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:09-cv-02261)
Magistrate Judge: Honorable Martin C. Carlson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 16, 2013

Before: AMBRO, SHWARTZ and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 16, 2013)
_____

OPINION
_____

PER CURIAM

Pro se appellant Jimmy Murphy appeals from the District Court's denial of his motion pursuant to Fed. R. Civ. P. 50(a) & (b), motion for the appointment of counsel, and the entry of judgment following a jury verdict in favor of the defendants. For the following reasons, we will affirm.

I.

On January 10, 2008, Officers Haines and Ettinger of the Mifflin County Regional Police Department were dispatched to investigate illegal drug activity at the bus terminal in Lewistown, Pennsylvania. After arriving at the terminal, they observed Murphy and his companion loitering in an area known for drug activity. Haines asked Murphy where he and his companion were going, and he replied that they were waiting for friends to pick them up and take them to Huntingdon, Pennsylvania. Murphy produced identification but refused to consent to a search of his person and backpack. Haines and Ettinger handcuffed Murphy and transported him to the police station to wait for the state canine unit. While there, Murphy consented to a search of his backpack, which revealed several cans of deodorant, plastic baggies, sandwich bags, and razor blades. However, no narcotics were located, and Murphy was released.[1]

---

[1] In July 2009, Murphy was convicted of various drug charges in an unrelated federal criminal trial. See United States v. Murphy, M.D. Pa. Crim. No. 1:08-cr-00433. Officer Haines testified about the January 10, 2008 encounter during this trial.

2

In 2009, Murphy filed a complaint pursuant to 42 U.S.C. § 1983, alleging that his Fourth and Fourteenth Amendment rights were violated when the defendants subjected him to an unlawful search and seizure, illegal arrest, and illegal racial profiling. He also alleged that the defendants' actions resulted from a failure to train or properly supervise. The District Court granted in part the defendants' motion to dismiss and dismissed Murphy's racial profiling claims and his claims for equitable relief. The District Court also granted summary judgment for the Mifflin County Regional Police Department on the basis that a police department is not a "person" subject to suit under § 1983.

Murphy filed a motion for the appointment of counsel prior to trial, which was denied. The jury trial for his remaining claims began before the Magistrate Judge[2] on January 7, 2013, and lasted until January 8, 2013, when the jury returned a verdict in favor of the defendants. This appeal followed. The Magistrate Judge subsequently denied Murphy's motions for a new trial and to alter or amend the judgment.[3]

II.

A.    **Denial of Motions for Judgment as a Matter of Law**

Murphy first argues that the Magistrate Judge erred in denying his motions for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) and (b). We exercise

---

[2] Prior to trial, the parties consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).

[3] We have jurisdiction under 28 U.S.C. § 1291. We lack jurisdiction to review the Magistrate Judge's orders denying these motions because Murphy did not file a notice of appeal or an amended notice of appeal from these orders. See Fed. R. App. P.

plenary review over the denial of these motions. See Goodman v. Pa. Tpk. Comm'n, 293 F.3d 655, 664 (3d Cir. 2002). When reviewing the denial of a motion for judgment, notwithstanding the verdict, also known as judgment as a matter of law under Rule 50(b), see Trabal v. Wells Fargo Armored Serv. Corp., 269 F.3d 243, 249 (3d Cir. 2001), we must view the evidence in the light most favorable to the verdict winner and draw all reasonable inferences in its favor. Pitts v. Delaware, 646 F.3d 151, 155 (3d Cir. 2011). A judgment notwithstanding the verdict may be granted under Rule 50(b) "only if, as a matter of law, the record is critically deficient of that minimum quantity of evidence" to sustain the verdict. Acumen LLC v. Advance Surgical Services, Inc., 561 F.3d 199, 211 (3d Cir. 2009); Trabal, 269 F.3d at 249 (quoting Powell v. J.T. Posey Co., 766 F.2d 131, 133-34 (3d Cir. 1985)).

Murphy first asserts that he was subjected to an unreasonable seizure when the officers simply approached him at the bus terminal. However, "[l]aw enforcement officers do not violate the Fourth Amendment's prohibition of unreasonable seizures merely by approaching individuals on the street or in other public places." United States v. Drayton, 536 U.S. 194, 200 (2002); see also Florida v. Bostick, 501 U.S. 429, 434 (1991) (noting that cases "make it clear that a seizure does not occur simply because a police officer approaches an individual and asks a few questions").

In any event, the Magistrate Judge properly denied Murphy's motions because he failed to demonstrate that the officers violated his Fourth Amendment right to be free

4(a)(4)(B)(ii); United States v. McGlory, 202 F.3d 664, 668 (3d Cir. 2000).

from unreasonable seizures. To establish such a violation, he needed to demonstrate that the officers lacked a reasonable basis to suspect that he "ha[d] committed, [was] committing, or [was] about to commit a crime." Berkemer v. McCarty, 468 U.S. 420, 439 (1984). Here, testimony at trial established that the Lewistown bus terminal is an area known for heavy narcotics trafficking. During the stop, the officers learned that Murphy was waiting to be picked up and taken to Huntingdon to visit two women, one of whom was his girlfriend. However, Murphy could recall neither the last name of his alleged girlfriend nor the name of the other woman. Furthermore, the bus on which Murphy had been traveling would have taken him to Huntingdon. Finally, Officer Haines testified that the women whom Murphy planned to meet in Huntingdon and the men who arrived to pick him up were known by the officers to have connections with narcotics trafficking. When taken together, these facts created reasonable suspicion that Murphy was involved in narcotics trafficking. See Johnson v. Campbell, 332 F.3d 199, 206 (3d Cir. 2003) (quoting Illinois v. Wardlow, 528 U.S. 119, 124-25 (2000)) (reasonableness determined by "the totality of the circumstances, which can include [the individual's] location, a history of crime in the area, [the individual's] nervous behavior and evasiveness, and [the officers'] 'commonsense judgments and inferences about human behavior'"). Accordingly, the Magistrate Judge did not err in denying Murphy's motions, as the evidence at trial did not support a determination that the officers unreasonably detained him.

Likewise, Murphy's argument that he was illegally arrested without probable cause is meritless. Although he was placed in handcuffs for transport to the police station, the use of handcuffs does not necessarily transform an investigatory seizure into a formal arrest requiring probable cause. See Baker v. Monroe Twp., 50 F.3d 1186, 1193 (3d Cir. 1995); see also United States v. Del Vizo, 918 F.2d 821, 824 (9th Cir. 1990); United States v. Hastamorir, 881 F.2d 1551, 1557 (11th Cir. 1989). Furthermore, relocating Murphy to the police station to continue the investigation did not convert his detention into an arrest. See Florida v. Royer, 460 U.S. 491, 504-05 (1983) ("[T]here are undoubtedly reasons of safety and security that would justify moving a suspect from one location to another during an investigatory detention, such as from an airport concourse to a more private area."). Finally, Murphy's 45-minute wait at the station did not convert the detention into an arrest, as the officers acted diligently in having the canine unit brought to the station from Milesburg, Pennsylvania, which was approximately 45 minutes away by car. See United States v. Sharpe, 470 U.S. 675, 686-87 (1985). Therefore, the Magistrate Judge did not err in declining to find that Murphy had been illegally arrested.

To the extent that Murphy argues that the District Court erred in not finding that Officer Haines unreasonably seized and searched his backpack, his argument fails. A "temporary seizure of luggage is constitutional so long as the seizure is not overly intrusive upon the person's privacy interest in the property, and so long as the property is not detained for a long period of time." United States v. Frost, 999 F.2d 737, 740 (3d Cir.

1993).  As discussed above, the totality of the circumstances led the officers to believe that Murphy was involved in illegal narcotics trafficking.  Accordingly, they had reasonable suspicion to detain his backpack for approximately 45 minutes and submit it to a canine sniff test.  See id. at 741.  Furthermore, Officer Haines did not open the backpack until obtaining Murphy's consent, and Murphy has not alleged that his consent was involuntarily given.  Accordingly, the Magistrate Judge did not err in denying Murphy's motions given that the search and seizure of his backpack were reasonable.

In sum, after considering the evidence in the officers' favor, we conclude that the jury's verdict was supported by the record.  *See Acumed*, 561 F.3d at 211.  Accordingly, the Magistrate Judge did not err in denying Murphy's motions for judgment as a matter of law under Fed. R. Civ. P. 50(a) & (b).

## B.    Weight of the Evidence

Murphy next alleges that the jury's verdict in favor of the defendants was against the weight of the evidence and "must have been the product of improper sympathy for the police or animus towards [him]."  However, it was the jury's duty, not ours, to "weigh evidence or determine the credibility of witnesses."  United States v. Beckett, 208 F.3d 140, 151 (3d Cir. 2000); see also Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1076 (3d Cir. 1996) (citation and internal quotation marks omitted) ("a . . . court [must] not substitute its judgment of the facts and the credibility of the witnesses for that of the jury").  In light of the evidence presented at trial, a ruling for Murphy here would

be an impermissible substitution of our assessment of the evidence for the jury's.

Accordingly, we cannot agree that the jury's verdict is against the weight of the evidence.

**C.    Denial of Motion for Appointment of Counsel**

Finally, Murphy argues that the Magistrate Judge abused his discretion in denying his motion for the appointment of counsel.  See Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993).  Counsel is not warranted where the pro se litigant has the skills to handle his case. See id.  In denying Murphy's request for counsel, the Magistrate Judge reasoned that his claims were not complex and that he appeared capable of pursuing his complaint without the benefit of appointed counsel.  In his brief, Murphy has not referenced any of the Tabron factors, see 6 F.3d at 155-56; instead, he argues only that the denial of counsel prevented him from impeaching Officer Haines with his prior testimony from Murphy's federal criminal trial and from locating his witness, Reginald Watson.  However, we cannot understand how the lack of counsel prevented Murphy himself from using the transcript of Officer Haines' prior testimony, which he possessed well before trial, to impeach Officer Haines.  Likewise, given that Murphy was still unable to identify Reginald Watson after the defendants provided assistance by locating three possible individuals with this name, we doubt that an attorney would have met with more success. From our review of the record, it appears that the Magistrate Judge properly applied the Tabron factors; accordingly, he did not abuse his discretion in denying Murphy's motion.

III.

For the foregoing reasons, we will affirm the judgment of the District Court.

8